UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                     :

PHILIP SELDON,                            :

                      :

          Plaintiff,           :

                      :                  06 Civ. 5257 (GEL)

        -against-           :

                      :                **OPINION AND ORDER**

JACOBS DEBRAUWERE LLP, ROBERT J.    :
DEBRAUWERE, FELIX DENNIS, DENNIS    :
PUBLISHING, INC., DENNIS STUFF, INC.,   :
and JOHN DOE 1-10000,              :

                      :

          Defendants.       :

                      :

------------------------------------------------------------x

Philip Seldon, pro se.

John F. Burleigh, Jacobs deBrauwere LLP,
New York, New York, for defendants.


GERARD E. LYNCH, District Judge:

      On June 23, 2006, plaintiff, appearing pro se, commenced this defamation action in the

New York Supreme Court for New York County.  On July 11, 2006, defendants removed the

action to this Court.  More than six months later, on January 27, 2007, plaintiff served his

complaint, and on March 22, 2007, defendants moved to dismiss with prejudice pursuant to Fed.

R. Civ. P. 12(b)(6).[1]  The motion was fully briefed on May 18, 2007.

      On the same day that the motion was fully briefed, plaintiff filed a notice of voluntary

---

[1] Defendants initially moved to dismiss plaintiff's complaint on February 21, 2007.
However, on March 13, 2007, plaintiff filed an amended complaint which rendered the initial
motion to dismiss moot, and the initial motion was withdrawn on consent.  (See Order of March
22, 2007.)

dismissal, purporting to dismiss his claims without prejudice.[2]   On May 22, 2007, the Court

received a letter from defendants, objecting to plaintiff's attempt to dismiss the action without

prejudice at this juncture.  According to defendants, their motion to dismiss was a de facto

motion for summary judgment; thus, defendants argue that plaintiff's right to voluntary dismissal

has been "extinguishe[d]," Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2d Cir. 1989),

and that the Court should adjudicate defendants' motion on its merits.  Defendants' request will

be denied.

Under Rule 41(a)(1)(i), Fed. R. Civ. P., a plaintiff may dismiss his complaint without

prejudice as a matter of right, without order of the court, "at any time before service by the

adverse party of an answer or of a motion for summary judgment."  Here, defendants have not

answered, nor filed a motion denominated as one for summary judgment.  Rather, defendants

moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a

claim.

However, defendants argue that the Court should convert the motion to dismiss into one

for summary judgment, thereby precluding plaintiff's right to voluntary dismissal.  See Yosef,

876 F.2d at 286; JTS Corp. v. GFL Advantage Fund Ltd., No. 98 Civ. 497, 1999 WL 731606, at

*3 (S.D.N.Y. Sept. 20, 1999).  Defendants note that a motion to dismiss may be treated as one

for summary judgment when "matters outside the pleading are presented to and not excluded by

the court."  Fed. R. Civ. P. 12(b).  There is authority that "[s]uch a motion may also be treated as

one for summary judgment for purposes of precluding plaintiff from voluntarily dismissing his

---

[2] The Court received a courtesy copy of plaintiff's notice of voluntary dismissal on May
23, 2007.  The notice itself is not dated, but the certificate of service is dated May 18, 2007.

action pursuant to Rule 41(a)(1)(I)." Nat'l Cement Co. v. Mead Corp., 80 F.R.D. 703, 704

(S.D.N.Y. 1978) (Sand, J.). See also Tedeschi v. Barney, 95 F.R.D. 182, 183 (S.D.N.Y. 1982)

(Weinfeld, J.) (consideration of "extensive" affidavits may convert motion to dismiss into

motion for summary judgment). However, "[t]he decision of whether to convert a motion to

dismiss into a motion for summary judgment is within the court's discretion," Ansonia Tenants'

Coalition, Inc. v. Ansonia Assocs., 163 F.R.D. 468, 469 (S.D.N.Y. 1995), citing Mian v.

Donaldson, Lufkin & Jenrette Sec. Corp., No. 92 Civ. 9166, 1994 WL 494902, at *2 (S.D.N.Y.

Sept. 9, 1994), and "in exercising its discretion the court looks to the substance of the motion."

Id., citing Nat'l Cement Co., 80 F.R.D. at 704-05.

The "substance of the motion" in this case indicates that the present motion should be

treated as a motion to dismiss, and not a motion for summary judgment. Here, unlike in National

Cement, defendants have given no previous indication that they intended their motion to be

treated as one for summary judgment. To the contrary, until the present effort to preclude

plaintiff's voluntary dismissal without prejudice, their actions have been inconsistent with such

treatment. For example, although the plaintiff in this case appears pro se, defendants did not

comply with this Court's rules for providing notice to pro se plaintiffs regarding the nature and

consequences of a motion for summary judgment. See S.D. & E.D. N.Y. R. 56.2. Moreover,

although defendants now point to a number of documents and records outside the pleadings that

were incorporated in their motion papers, in briefing their motion, defendants took pains to

defend their use of such materials as consistent with the requirements of a Rule 12 motion to

dismiss. (See D. Mem. 3 n.2 (arguing that "[the] Court may consider [certain] letters on this

motion to dismiss because they are referenced in the Complaint and are documents of which

plaintiff has 'undisputed notice' and are 'integral' to his claims").)  In places where it might

appear that defendants were relying on such outside-the-pleadings materials, defendants

nevertheless insisted that its positions were based entirely on plaintiff's "own pleadings and

admissions and documents incorporated in his pleadings."  (D. Reply Mem. 2.)  See, e.g.,

Ansonia Tenants' Coalition, 163 F.R.D. at 470 (characterizing an attempt by the moving party

"to assert that their own motion is something other than what they declared it to be" as

"smack[ing] of legerdemain").

        In any event, the Court has not had occasion previously to address the propriety of

defendants' reference to materials outside the pleadings, or the appropriateness of converting the

motion into one for summary judgment, or to provide the pro se plaintiff with the kind of notice

required by Second Circuit precedent before summary judgment can be granted.  See Forsyth v.

Fed'n Employment and Guidance Serv., 409 F.3d 565, 570 (2d Cir. 2005) (Local Civil Rule 56.2

"is based on this Circuit's long held concern with the disparity in knowledge of court procedures

between a lawyer and a pro se litigant," and failure to comply with the rule "justif[ies]" reversal

of summary judgment); Irby v. N.Y. City Transit Auth., 262 F.3d 412, 413 (2d Cir. 2001) (per

curiam) ("[T]he failure to provide the pro se party with [Rule 56.2] notice . . . will result in

vacatur of the summary judgment, no matter how meritorious . . . .").

        Thus, the Court cannot accept defendants' current argument that its motion was intended,

has been treated by the Court, or should now be treated, as a motion for summary judgment,

thereby cutting off plaintiff's right to dismiss his complaint without prejudice.  See Morris v.

Gilbert, 649 F.Supp. 1491, 1493 (E.D.N.Y. 1986) ("The court, and not the parties, decides

whether the motion to dismiss is converted to one for summary judgment.").

Noting plaintiff's history as a "serial litigator" (D. Mem. 2), and his conduct of this litigation in a manner arguably calculated to drag out the proceedings at minimum cost to himself and maximum inconvenience to defendants, defendants suggest that plaintiff's claims were never advanced in good faith, but were intended only to "harass[]" defendants by forcing them to incur litigation costs before being withdrawn (Letter from John F. Burleigh to the Court, dated May 21, 2007, at 4), and that if the complaint is dismissed without prejudice plaintiff will simply re-file them and start the circus again. (See D. Mem. 19 (arguing that the only "sin" defendants committed is that of "having unluckily crossed [plaintiff's] path") (internal quotation marks and citation omitted).) Should this prove to be the case, defendants will not be without remedy. Defendants' motion papers have put plaintiff on clear notice of apparently fatal flaws in his contentions. If plaintiff re-files a similar action in this Court, a motion for sanctions pursuant to Rule 11(c), Fed. R. Civ. P., will most certainly be in order. The Court does not prejudge the merits of such a motion; perhaps plaintiff will be able to identify a good faith basis for proceeding with such a complaint. Should he be unable to do so, however, he will also be unable to claim ignorance of the arguments advanced in defendants' papers in this case. A complaint asserting the same matters now dismissed by plaintiff after receiving notice of defendants' arguments will incur considerable risk on plaintiff's part.

Accordingly, the complaint is dismissed without prejudice on plaintiff's motion.

SO ORDERED.

Dated: New York, New York
       May 29, 2007

GERARD E. LYNCH
United States District Judge

5